IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW ONZE as the legal guardian of minor EVAN HERNANDEZ,  )<br>  )<br>  )<br>Plaintiff,   )<br>  )<br>v.   )<br>  )<br>CITY OF ATLANTA, GEORGIA;   )<br>OFFICER GARY RUSSELL, in his   )<br>Individual capacity,   )<br>  )<br>Defendants.   )<br>_____ ) | CIVIL ACTION<br>FILE NO: 1:25-cv-04977-SEG |

**CITY OF ATLANTA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

**COMES NOW**, Defendant City of Atlanta (hereinafter "City"), by and through the undersigned counsel, and files this Motion to Dismiss Plaintiff's Complaint and Incorporated Brief pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons stated within, the City respectfully moves this Court to dismiss Plaintiff's Complaint with prejudice.

### I.     INTRODUCTION

Plaintiff Matthew Onze, as the legal guardian of minor Evan Hernandez ("Plaintiff"), brings the above-styled case alleging that the City is liable to Plaintiff

1

under 42 U.S.C. § 1983 and Georgia Law.[1]

## II. FACTUAL BACKGROUND

Plaintiff alleges that on September 4, 2023, at approximately 4:04 a.m., 14-year-old Evan Hernandez ("Evan") was encountered by Officer Russell in the parking deck of 227 Courtland St. NE, Atlanta, Georgia.[2] Officer Russell was dispatched to the parking deck from a 911 call regarding persons entering automobiles.[3] As Evan disobeyed Officer Russell's orders and ran away from him, Officer Russell attempted to tase him.[4] Although Officer Russell attempted to tase Evan, Evan continued to run and evade him.[5] This incident was captured on Officer Russell's body worn camera (BWC).[6] Evan was later taken into custody and seen at Grady Memorial Hospital.[7] Evan now complains of injuries as the result of his arrest.[8]

---

[1] *See generally*, Complaint for Damages, hereinafter "*Complaint*".
[2] *Id*. at ¶¶ 9 – 11.
[3] *See id*. at ¶¶ 9 – 10.
[4] *See id*. at ¶¶ 12 – 14.
[5] September 4, 2023, Body Worn Camera of Officer Russell, attached hereto as Exhibit A, hereinafter "Russell BWC", at 4:40 – 4:55 (incorporated by reference).
[6] *Id*.; *Complaint* at ¶14.
[7] *See id*. at ¶ 49.
[8] *Id*. at ¶¶ 49 – 53.

### III.   ARGUMENT AND CITATIONS TO AUTHORITY

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted and no construction of the factual allegations will support the cause of action.[9] When evaluating a motion to dismiss, courts apply the *Twombly/Iqbal* plausibility standard.[10] The plausibility standard requires the court to accept Plaintiffs' allegations as true and construe the complaint in their favor.[11]

In *Ashcroft v. Iqbal*, the Supreme Court of the United States held that, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[12] The Court further held that "[d]etermining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] Thus, the Complaint must demonstrate ***more than the mere possibility of misconduct*** to entitle Plaintiffs to

---

[9] Fed. R. Civ. P. 12(b)(6); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).
[10] *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[12] *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).
[13] *Id.*

relief.[14] While a court is required to accept as true the complaint's factual assertions, it is not bound to accept as true a legal conclusion couched as a factual allegation.[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16]

Under the *Twombly* standard, a plaintiff is obligated "to provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[17] Furthermore, "factual allegations must be enough to raise a right to relief above the speculative level."[18] In evaluating the sufficiency of a plaintiff's pleadings, courts make reasonable inferences in a plaintiff's favor, "but [they] are not required to draw plaintiff's inference."[19] While a motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint —and not the merits—a court may "dismiss a complaint on a dispositive issue of law."[20]

---

[14] *Id.* (emphasis added).
[15] *Id.* at 678.
[16] *Id.*
[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[18] *Id.*
[19] *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).
[20] *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006).

Generally, when considering a motion to dismiss, the district court limits its consideration to the pleadings and any exhibits attached to it.[21] If the parties present and the court considers evidence outside of the pleadings, the motion to dismiss generally must be converted to a motion for summary judgment.[22] An exception to the conversion rule is the incorporation-by-reference doctrine.[23] Under the incorporation by reference doctrine a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if: 1) the plaintiff refers to certain documents in the complaint; 2) those documents are central to the plaintiff's claim; and 3) the documents' contents are undisputed.[24]

In *Johnson v. City of Atlanta*, 107 F.4 1292, 1300 (11th Cir. 2024) the Eleventh Circuit Court of Appeals further clarified that the incorporation-by-reference doctrine allows federal trial courts within Florida, Georgia and Alabama to consider documents on a motion to dismiss or motion for judgment on the pleadings that were not referenced in or attached to the complaint if the document is: 1) central to the Plaintiff's claims, and 2) undisputed. Where a video is clear and

---

[21] *Baker v. City of Madison, Alabama*, 67 F. 4t 1268, 1276 (11th Cir. 2023).
[22] *Id*.
[23] *Id*.
[24] *Id*.

obviously contradicts the plaintiff's alleged facts, the court accepts the video's depiction instead of the complaint's account.[25]

### B. Plaintiff's Complaint Fails to State a Claim for *Monell* Liability.

To impose § 1983 liability on a municipality, a plaintiff must show: (1) that his [or her] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.[26] "A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation'."[27] Where it is claimed that an employee was encouraged to act unlawfully by his or her recognition that the municipality would not act to stop such conduct, it must be shown that the municipality continued to adhere to an approach that it knew or should have known had failed to prevent tortious conduct in the past and was likely to result in such conduct in the future.[28] The municipality must have acted with deliberate indifference to the known or obvious

---

[25] *Scott v. Harris*, 550 U.S. 372, 381 (2007).
[26] *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989).
[27] *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (quoting *City of Canton,* 489 U.S. at 388-89).
[28] *Id.* at 407.

consequences.[29] Here, Plaintiff has not satisfied this standard as to the municipal Defendant City of Atlanta.

In *Monell v. New York City Department of Social Services*, the United States' Supreme Court held that "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983."[30] The Supreme Court has "required a plaintiff seeking to impose liability on a municipality under §1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[31] Subsequent U.S. Supreme Court cases have added a "practice" component to the required elements of a *Monell* claim.[32] Therefore, municipal liability under *Monell* requires a showing that a policy, practice, or custom of the municipality caused Plaintiff's alleged injury.[33]

In order to demonstrate the threshold requirement for *Monell* liability on the basis of a *policy*, Plaintiff must demonstrate that the alleged injury resulted from the decisions of the municipality's duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.[34] To establish the

---

[29] *Id.*
[30] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 689 (1978).
[31] *Bd. of the Cnty. Commissioners of Bryan Cnty, Okla. v. Brown,* 520 U.S. 397, 404 (1997).
[32] *Canton v. Harris*, 489 U.S. 378, 390 (1989).
[33] *Bd. of the Cnty. Commissioners,* 520 U.S. at 403.
[34] *Id.*

threshold requirement for *Monell* liability on the basis of a *custom*, Plaintiffs must demonstrate that "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker … is so widespread as to have the force of law."[35] Finally, to establish the threshold requirement for *Monell* liability on the basis of a *practice*, Plaintiff must demonstrate that the municipality engaged in the persistent practice of unconstitutional deprivation.[36]

However, "it is not enough for a §1983 plaintiff merely to *identify* conduct properly attributable to the municipality."[37] The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."[38] In other words, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability *and* must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[39] "A showing of simple or even heightened negligence will not suffice."[40]

Despite Plaintiff's coloring of the facts, the BWC shows that when Officer Russell arrived at the location he was informed that multiple persons were illegally

---

[35] *Id.* at 404.
[36] *Monell*, 436 U.S. at 698.
[37] *Bd. of the Cnty. Commissioners*, 520 U.S. at 403-404.
[38] *Id.*
[39] *Id.*
[40] *Bd. of the Cnty. Commissioners*, 520 U.S. at 407.

entering automobiles including an individual that was a "car-jacker" in a "grey shirt" with "curly hair".[41] Officer Russell located the suspect in the parking deck, later identified as Evan, as he tried to hide behind a vehicle.[42] Before he could escape, Officer Russell ran towards Evan and told him to "come on out" twice before telling him to get on the ground or he would be tased.[43] Evan hesitated for a brief moment then began to run away from Officer Russell in an evasive manner towards the exit of the parking deck.[44] Officer Russell deployed his taser in the direction of Evan and Evan continued to run towards the exit of the parking deck.[45] Once outside the parking deck both Officer Russell and Evan fell to the ground.[46] After the fall, Officer Russell and a Fannin County Emergency Medical Services (EMS) assisted Evan to his feet.[47]

Officer Russell then requested for an ambulance to be started to the incident location.[48] After Evan was secured in the patrol vehicle and he stated that he could not breathe, Officer Russell both let down the windows of the patrol vehicle and

---

[41] Russell BWC, 3:40 – 3:59 (Witness yelling "car-jacker", "gray shirt", and "curly hair").
[42] *Id.* at 4:15 – 4:30.
[43] *Id.* at 4:30 – 4:37.
[44] *Id.* at 4:38 – 4:39.
[45] *Id.* at 4:40 – 4:55.
[46] Russell BWC at 4:55 – 4:58.
[47] *Id.* at 6:14 – 6:37.
[48] *Id.* at 6:36 – 6:39 (Officer Russell states, "start Grady").

turned on the air conditioning.[49] More than forty-five (45) later, after leaving the scene and being taken to Grady Memorial Hospital, Evan alleges that he suffered severe seizures while at the hospital.[50]

In this case, Officer Russell did not violate Evan's constitutional rights. He had probable cause to arrest Evan based upon the totality of the circumstances. "Probable cause to arrest exists 'when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."[51] Officer Russell's BWC specifically shows that he arrested Evan based upon the information he received via the 911 dispatch and the information gained on the scene.[52] Thus, Plaintiff has failed to state a Fourth Amendment or other violation to support his § 1983 claims based upon the video evidence of this incident.

Officer Russell also used reasonable force – a single use of the taser gun[53] – against Evan after he resisted arrest and attempted to flee.[54] "Eleventh Circuit case

---

[49] *Id.* at 14:49 – 15:10.
[50] *Complaint*, ¶¶ 49 – 50, 114.
[51] *Draper*, 369 F.3d at 1276.
[52] *Complaint*, ¶ 9; Russell BWC, at 3:40 – 3:59.
[53] *Draper v. Reynolds*, 369 F.3d 1270, 1278 (11th Cir. 2004).
[54] Russell BWC, at 4:40 – 4:55.

law… consistently has upheld an officer's use of force as reasonable in cases where the officer deploys a taser against an arrestee who refuses to comply with instructions and resists arrest, given the taser may well prevent[] a physical struggle and serious harm to either [the plaintiff or the officer]".[55] Thus, as a matter of law, Officer Russell did not violate Evan's constitutional rights.

## IV. CONCLUSION

For the foregoing reasons, the City is entitled to the dismissal of all claims against it. The City did not violate Evan's constitutional rights and is not liable to the Plaintiff. As a matter of law, dismissal is appropriate and must be granted in favor of the City.

This 24th day of September 2025.

                              **RESPECTFULLY SUBMITTED,**

                              **PATRISE PERKINS-HOOKER**
City Attorney
Georgia Bar:572358
(please direct all communications to the undersigned attorneys)

*/s/ Staci J. Miller*
**STACI J. MILLER**
Deputy Division Chief
Georgia Bar No. 601594

---

[55] *Robinson v. Jiles*, 771 F.Supp.3d 1361, 1375 (N.D.Ga 2025) (quoting *Draper v. Reynolds*, 369 F.3d 1270, 1278 (11th Cir. 2004)) (internal citations omitted).

(404) 546-4083 *Direct*
sjmiller@atlantaga.gov

***Attorneys for City of Atlanta***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4100 (*main*)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW ONZE as the legal guardian of minor EVAN HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA; OFFICER GARY RUSSELL, in his Individual capacity,<br><br>Defendants.<br>_____ | CIVIL ACTION<br>FILE NO: 1:25-cv-04977-SEG |

## **CERTIFICATION**

Counsel for Defendant City of Atlanta hereby certifies that the foregoing has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L. R. 5.1 (C).

This 24th day of September 2025.

                                         **RESPECTFULLY SUBMITTED,**

                                         **PATRISE PERKINS-HOOKER**
                                         City Attorney
                                         Georgia
                                         Bar:572358
                                         (please direct all communications to
                                         the undersigned attorneys)

                                         */s/ Staci J. Miller*

>                              **STACI J. MILLER**
>                              Deputy Division Chief
>                              Georgia Bar No. 601594
>                              (404) 546-4083 *Direct*
>                              sjmiller@atlantaga.gov
>
>                              ***Attorneys for City of Atlanta***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4100 (*main*)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW ONZE as the legal guardian of minor EVAN HERNANDEZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION<br>FILE NO: 1:25-cv-04977-SEG |
| CITY OF ATLANTA, GEORGIA;<br>OFFICER GARY RUSSELL, in his<br>Individual capacity, | ) ) ) ) | |
| Defendants.<br>_____ | ) ) ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing ***CITY OF ATLANTA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES*** upon opposing counsel listed below via this Court's CM/ECF system to ensure delivery as follows:

Joseph L. Wilson
John Brogdon
**WILSON ROWLEY, LLC**
9 Dunwoody Park, Suite 111
Dunwoody, Georgia 30338
joe@tl4jga.com
john@tl4jga.com

15

Sarah B. Flack
**SARAH FLACK LAW LLC**
3355 Lenox Road NE, Suite 750
Atlanta, Georgia 30326

This 24th day of September 2025.

                                        **RESPECTFULLY SUBMITTED,**

                                        */s/ Staci J. Miller*
                                        **STACI J. MILLER**
                                        Deputy Division Chief
                                        Georgia Bar No. 601594
                                        (404) 546-4083 *Direct*
                                        sjmiller@atlantaga.gov

                                        ***Attorney for City of Atlanta***

**CITY OF ATLANTA – DEPARTMENT OF LAW**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100 - *main*